JOURNAL ENTRY and OPINION
{¶ 1} Appellant Timothy Johnson appeals the trial court's denial of his motion to withdraw his guilty plea. Johnson assigns the following error for our review:
 {¶ 2} "I. The trial court abused its discretion in refusing to grant defendant-appellant's motion to withdraw his previous plea of guilty where such request was made prior to the imposition of sentence."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 4} At the time his trial was to commence, Johnson's attorney moved the court to continue his case. Johnson had given his attorney the names of individuals he thought would be important to the defense of his case. The state objected; the state informed the court that all its witnesses were present, and prepared for trial. The matter was scheduled for trial on that date, which was three months after the indictment.
 {¶ 5} After the state objected, the following exchange occurred:
 {¶ 6} "Court: My big question is, why didn't you tell Mr. Roberson about these people a while ago?
 {¶ 7} "Defendant: I told the detectives first.
 {¶ 8} "Court: They're not representing you.
 {¶ 9} "Defendant: I know. I told him, too, when he first talked to me. I told him about the people. It was too late. They were gone. By the time they found out I was in jail, they were gone. * * *
 {¶ 10} "Court: Mr. Johnson, while you sure waited until the midnight hour in this particular instance — and I want you to know, sir, that I take the State's objection to this very seriously. I'm going to give you a break in this instance. The court is going to grant you a continuance in this matter, Mr. Johnson. Trial date is set for June 3rd of this year at 10 a.m. We're going to go forward on June 3rd. Do you understand?"[1]
 {¶ 11} On June 17, 2003, prior to trial, the state reached a plea agreement with Johnson. The trial court proceeded with the requirements of Crim.R. 11. The following exchange took place:
 {¶ 12} "Court: Are you satisfied with the representations you've received from Mr. Roberson?
 {¶ 13} "Defendant: Not really. But there is nothing I can do about it.
 {¶ 14} "Court: Well, there's a lot you can do about it. Are you unhappy? What are you unhappy with?
 {¶ 15} "Defendant: Like really, because like to me, he is not in my best interest really. Really, I'm like — it's like I'm tired of being in here. I am ready to be with my family. But it ain't nothing — it ain't nothing I can do about it. It is my word against his. He is saying I shot him. I can't do nothing about it * * *
 {¶ 16} "Court: Well, sir, do you want to withdraw the guilty plea and take this to trial, and let the jury make the decision?
 {¶ 17} "Defendant: So they can say I'm guilty and give me like fifteen years.
 {¶ 18} "Court: You know, that's your option. You have an absolute constitutional right to do that. Are you assuming that the jury is going to find you guilty?
 {¶ 19} "Defendant: Most likely they will. It always goes like that so far from what I've seen."[2]
 {¶ 20} Following this exchange, the court recessed for Johnson to confer with his attorney. When the proceedings resumed, Johnson informed the court he was going forward with his plea. The court then proceeded to go through the requirements of Crim.R. 11. Johnson stated he understood all the rights he was waiving; proceeded to waive his constitutional rights; and then pled guilty to attempted murder with a three-year firearm specification, and aggravated robbery with a three-year firearm specification. The state dismissed the remaining charges.
 {¶ 21} At the hearing, the victim, Leon Gibson, Jr., addressed the court. He stated Johnson shot him in the head, neck, back, and abdomen. He stated the injuries resulted in loss of sight in his left eye, inability to have children, and inability to continue working as an electrician. Finally, he stated Johnson had no regard for human life and should get the maximum sentence.
 {¶ 22} The victim's father, Leon Gibson, Sr., also addressed the court. He stated this incident not only damaged his son but it effected his entire family.
 {¶ 23} The court referred the matter for a pre-sentence investigation and scheduled sentencing for July 16, 2003.
 {¶ 24} When Johnson appeared for sentencing, counsel orally moved to withdraw Johnson's plea. Johnson's attorney stated he read in the pre-sentence investigative report that Johnson said his plea was not voluntary, but felt pressured. He told the court he spoke with Johnson and he desired to take the matter to trial.
 {¶ 25} Johnson addressed the court. He stated he was present when the incident happened, but he did not shoot or rob anyone. He said he tried to intervene, and even assisted in taking the victim to the hospital. Finally, he stated he felt pressured into pleading guilty.
 {¶ 26} The state objected to Johnson's motion to withdraw his guilty plea, stating when the court advised Johnson of the rights he was waiving as required by Crim.R. 11, Johnson stated he understood, and then proceeded to enter pleas of guilty. Further, the prosecutor stated Johnson had provided no basis for his motion, nor any new information.
 {¶ 27} The court gave Johnson another opportunity to be heard. Johnson stated, "well, I was told that if I took the case to trial, I was going to loose [sic]and get up to like 20-some years. That is the only reason why I say yeah, I'll take the deal. That was the only reason why."[3]
 {¶ 28} The victim again addressed the court. He stated Johnson was the person who shot him, and Johnson was lying. Further, he stated the ambulance took him to the hospital after he was shot.
 {¶ 29} The court denied the motion stating "the court is satisfied, convinced and very clear, Mr. Johnson, that at the time you entered a plea of guilty, you freely and voluntarily entered that plea."[4]
 {¶ 30} Thereafter, the court sentenced Johnson to an aggregate prison term of eight years at the Lorain Correctional Institution. Johnson now appeals.
 {¶ 31} In his sole assigned error, Johnson argues the trial court abused its discretion by refusing to grant his pre-sentence motion to withdraw his previous guilty plea.
 {¶ 32} Crim.R. 32.1, which governs motions to withdraw guilty pleas, states:
 {¶ 33} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 34} Although a defendant is not vested with an absolute right to withdraw a guilty plea, a motion for withdrawal made prior to sentencing is to be freely allowed and liberally treated.[5] The decision to grant or deny such motion is fully within the trial court's discretion and shall remain undisturbed absent a showing that the trial court abused its discretion.[6] "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *."[7]
 {¶ 35} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."[8]
 {¶ 36} In the instant case, Johnson has not demonstrated, nor has the record shown, that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. The record demonstrates the trial court followed the mandates of Crim.R. 11(C). Johnson repeatedly informed the court when he entered his plea that he understood what he was doing; he denied there were any threats or promises made to induce his plea; and when he entered his plea, Johnson informed the trial court he understood there was a presumption of prison.
 {¶ 37} The record reflects Johnson moved to withdraw his guilty plea at the sentencing hearing. Thereafter, the trial court entertained his motion, allowed him to speak on several issues, and recalled the victim to testify. Afterwards, the trial court felt satisfied the plea was voluntarily entered, and thus denied the motion. The trial court conducted a thorough hearing and found absolutely no evidence existed to support Johnson's motion.
 {¶ 38} A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea.[9] Accordingly, Johnson's sole assigned error is overruled.
 {¶ 39} The judgment is affirmed.
Judgment affirmed.
Gallagher and Calabrese, Jr., JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Tr. at 4-6.
[2] Tr. at 12-14.
[3] Tr. at 40.
[4] Tr. at 43.
[5] State v. Xie (1992), 62 Ohio St.3d 521; State v.Peterseim (1980), 68 Ohio App.2d 211, quoting Barker v. UnitedStates (1978), 579 F.2d 1219.
[6] Xie; Peterseim.
[7] ADVANCE \d4 State v. Adams (1980), 62 Ohio St.2d 151,157. (Citations omitted.)
[8] Peterseim, paragraph three of the syllabus.
[9] State v. Lambros (1988), 44 Ohio App.3d 102, 103.