JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Ruben Hicks, appeals his jury trial conviction for possession of cocaine in violation of R.C.2925.11. He also appeals the trial court's denial of his motion to withdraw a guilty plea to attempted trafficking in drugs.
 {¶ 2} The sixty-year-old defendant, along with his sixty-year-old wife, was on the front porch of a house when the police executed a search of it. Defendant claimed he no longer lived at this address at the time of the warrant, but was often there because a friend lived there. The search of the home revealed a large chunk of crack cocaine and sixty rocks of crack cocaine in a sock in a laundry basket in a bedroom of the home. Also found were a crack pipe and a fifty dollar bill, which the police saw defendant throw onto the porch when they arrived.
 {¶ 3} Defendant and his wife, along with other persons who were present at the time the warrant was executed, were indicted on several charges: possession of cocaine, trafficking in crack cocaine in an amount exceeding ten grams but less than twenty-five grams, and possession of criminal tools. The jury found defendant guilty of possession of crack cocaine (without specifying the amount) but was unable to reach a verdict on the other two counts. The court declared a mistrial as to the two counts and set the remaining counts for new trial.
 {¶ 4} After plea negotiations with the prosecutor, defendant pleaded guilty to attempted trafficking in crack cocaine in an amount exceeding ten grams but less than twenty-five grams. The attempt element reduced the offense to a third degree felony. The prosecutor agreed to nolle the possession of criminal tools charge in exchange for the plea. In negotiating the plea agreement, the prosecutor agreed to recommend a one-year sentence. A few weeks later, however, but prior to sentencing, defendant filed a motion to withdraw his guilty plea.
 {¶ 5} On the day of the sentencing hearing, defendant appeared briefly in court but then left and never returned or contacted the court or prosecutor. He later claimed he had been experiencing chest pain when he was at court waiting for his sentencing hearing and had gone to the emergency room. The judge stated that if defendant were to either return to court later that day or to contact the court with documentation that he was seeking medical treatment, then the judge would honor the plea agreement. Defendant did not contact the court, and he was arrested nearly a month after the sentencing hearing.
 {¶ 6} Shortly after that arrest, the court held a hearing on the motion to withdraw the plea. Defense counsel was given a full opportunity to present defendant's reasons for wanting to withdraw the plea. After the prosecutor presented his arguments, the court asked defense counsel whether he wished to say anything further. He declined. The defense did not request or attempt to present witnesses at this hearing, and the defendant himself was only briefly given an opportunity to speak when he agreed with the court that he could understand the judge. After this hearing, the court denied defendant's motion to withdraw his plea and proceeded to sentence him to ten months for the possession conviction the jury handed down and to two years for the attempted trafficking charge to which he had pleaded. The sentences were to run concurrently. Defendant appealed, presenting three assignments of error. Defendant's second assignment of error addresses separately the issue of counsel's legal assistance. Because it is dispositive of the case, we will address it first.
 THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. {¶ 7} Defendant argues that defense counsel was ineffective when he urged defendant to enter a plea on the very charges that had resulted in a hung jury.
 {¶ 8} For a reviewing court to find ineffective assistance of counsel, it must find, first, that counsel's representation fell below the accepted standard, and, second, that but for that deficiency, the outcome would have been different. "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." State v. Xie (1992), 62 Ohio St.3d 521, 524, quotingState v. Hill, 474 U.S. at 59.
 {¶ 9} After the court asked defendant the questions in the Crim.R. 11 colloquy at the original plea hearing, the court asked defendant how he pleaded. When defendant answered "Not guilty," his attorney then interjected:
 {¶ 10} MR. MANCINO: Guilty. No. Guilty. Guilty. That's to the amended charge. The way the charge had been changed, you're pleading guilty to it.
 {¶ 11} * * *
 {¶ 12} [DEFENDANT]: What am I guilty for?
 {¶ 13} MR. MANCINO: You're pleading guilty. You're not doing anything until October 24th.
 {¶ 14} MR. HICKS: Oh. Okay.
 {¶ 15} THE COURT: Guilty or not guilty?
 {¶ 16} [DEFENDANT]: Yes.
 {¶ 17} THE COURT: What?
 {¶ 18} MR. MANCINO: Say "guilty." No. Say "guilty."
 {¶ 19} [DEFENDANT]: Guilty.
 {¶ 20} * * *
 {¶ 21} THE COURT: Did you just say you don't know? Do you understand what's going on here?
 {¶ 22} [DEFENDANT]: Yes, sir, I'm in trouble. I'm at a hearing.
 {¶ 23} MR. MANCINO: No, you're pleading guilty to the charge that's been changed. It's been lowered.
 {¶ 24} [DEFENDANT]: Oh. Okay. I understand that.
 {¶ 25} THE COURT: Do you plead guilty or not guilty —
 {¶ 26} [DEFENDANT]: Guilty.
 {¶ 27} THE COURT: — to attempted trafficking in drugs, a felony of the third degree?
 {¶ 28} [DEFENDANT]: Guilty.
 {¶ 29} * * *
 {¶ 30} THE COURT: I'm going to accept both pleas of guilty, find each was made knowingly, voluntarily, intelligently, and with a full understanding of your constitutional and statutory rights.
 {¶ 31} Tr. 734-5. This colloquy demonstrates defendant was confused when he gave his plea and was substantially coached by defense counsel.
 {¶ 32} Defendant argues that he was persuaded into pleading guilty on the basis of erroneous advice given by his attorney. At the subsequent hearing on the motion to withdraw the plea, his counsel explained that he and defendant had believed that the amount defendant had pled to in the attempted trafficking charge was the minimum and not the 10 to 25 grams stated in the indictment. Counsel further explained the basis of this understanding was that the jury, when it convicted defendant on the possession count, failed to state an amount of drugs in his possession and that the state and court agreed that this conviction for possession could, therefore, be only for the minimum amount. Counsel and defendant had assumed that this minimum amount would also apply to the attempted trafficking count.
 {¶ 33} At the plea hearing, the state made an oral motion to amend the indictment to add the attempt statute to the trafficking charge. As the state noted, however, the only amendment made to the trafficking count in exchange for the plea was this addition of the "attempted" element. As a result, the amount in the indictment remained at 10 to 25 grams. Defense counsel later stated that he misunderstood this oral motion to include applying the minimum amount to the attempted trafficking charge.
 {¶ 34} Defense counsel's statements at the hearing to withdraw the plea indicate his advice to defendant was based on a mistake as to the crime to which defendant was pleading. If defense counsel believed that defendant had pleaded to attempted trafficking in the minimum amount, instead of 10 to 25 grams, he could not have properly assisted his client in his decision to plead guilty.
 {¶ 35} Because of the confusion defendant exhibited at the plea hearing and his reliance upon counsel's coaching, because of counsel's statement that the plea was what they had discussed and counsel's admission that he misunderstood the plea as he had explained it to defendant, and because of defendant's motion to withdraw his plea, it is reasonable to infer that but for counsel's mistaken representations, defendant would not have pleaded guilty to the attempted trafficking charge, on which the jury had previously been hung.
 {¶ 36} We, therefore, find that defendant was denied effective assistance of counsel at the plea hearing. Accordingly, this assignment of error is sustained.
 {¶ 37} Assignment of Error Two reads as follows:
 {¶ 38} The trial court erred and abused its discretion in denying defendant-appellant the right to withdraw his plea of guilty prior to sentencing because he did not knowingly and intelligently enter a plea of guilty.
 {¶ 39} Defendant claims the court erred when it denied his motion to withdraw his plea. "[A]n appellate court should apply an abuse-of-discretion standard when reviewing a trial court's ruling on a motion to withdraw a guilty plea." State v. Xie
(1992), 62 Ohio St.3d 521,526. Withdrawal of a guilty plea is governed by Crim.R. 32.1, which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *." Generally, trial courts are to freely grant motions to withdraw guilty pleas if they are made before the defendant has been sentenced. Nonetheless, absent an abuse of discretion on the part of the trial court, a reviewing court will not overturn a trial court's denial of this motion: "`Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *'" (Internal citations omitted.) State v. Peterseim
(1980), 68 Ohio App.2d 211, 213-214, quoting State v. Barker
(C.A. 10, 1978), 579 F.2d 1219, 1223.
 {¶ 40} Before denying a motion to withdraw a plea, however, the trial court must hold a hearing on that motion. State v.Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus. In the case at bar, the court did hold this hearing.
 {¶ 41} Drawing upon federal case law on Fed.R.Crim.P. 32(D), which is nearly identical to Crim.R. 32.1, this court previously outlined factors for the court to consider:
 {¶ 42} "A trial court does not abuse its discretion in overruling a motion to withdraw the plea: (1) where the accused is represented by highly competent counsel, (2) where the accused was offered a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. [State v. Peterseim (1980), 68 Ohio App.2d 211,428 N.E.2d 863.]"
 {¶ 43} These factors have been expanded to include:
 {¶ 44} "(5) whether the court gave full and fair consideration to the motion; (6) whether the motion was made in a reasonable time; (7) whether the motion states specific reasons for withdrawal; (8) whether the accused understood the nature of the charges and the possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense."
 {¶ 45} State v. Pinkerton (Sept. 23, 1999), Cuyahoga App. Nos. 75906 and 75907, 1999 Ohio App. LEXIS 4453, citing State v.Fish (1995), 104 Ohio App.3d 236, 661 N.E.2d 788; see, also,State v. Curtis (Apr. 11, 1985), Cuyahoga App. No. 48635, 1985 Ohio App. LEXIS 6356. State v. Benson, Cuyahoga App. No. 83178, 2004-Ohio-1677, ¶¶ 8-10. See, also, State v. Johnson, Cuyahoga App. No. 83350, 2004-Ohio-2012 ¶ 35.
 {¶ 46} Defendant argues that he should be able to withdraw his plea because he did not fully understand what was going on at his plea hearing and therefore his plea was not "intelligent and knowing."
 {¶ 47} Defendant stated he had finished eighth grade in school but could not read or write very well; the court noted that defendant could not read. Tr. at 728. He was therefore more dependant on counsel than one who could read. At the plea hearing defense counsel also reported that defendant is hard of hearing.
 {¶ 48} At the subsequent hearing on the motion to withdraw the plea, the court asked only one question of defendant: "[c]an you understand me? Do you understand me?" Tr. at 764. The defendant was not given any further opportunity to state why he wished to withdraw his plea.
 {¶ 49} Moreover, as demonstrated at the hearing on the motion to withdraw the plea, defense counsel admitted he had been mistaken as to what was being pled to. If defendant's plea was made in reliance on what his counsel told him, and his counsel, by counsel's own admission, misinformed him, then clearly defendant's plea could not have been "knowing and intelligent." We find that the trial court abused its discretion when it denied defendant's motion to withdraw his guilty plea because defendant's plea was not made intelligently and knowingly.
 {¶ 50} Accordingly, because defendant was denied effective assistance of counsel and because his guilty plea was not made intelligently and knowingly, that plea is reversed and the case is remanded for proceedings consistent with this opinion.
 {¶ 51} This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., Concurs.
 Gallagher, J., Dissents with separate Dissenting Opinion.