JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals his convictions and sentences. Defendant was originally indicted on six counts. The indictment charged defendant with four counts of gross sexual imposition in violation of R.C. 2907.05, one count of importuning in violation of R.C. 2907.07 and one count of attempted gross sexual imposition in violation of R.C. 2923.02 and R.C. 2907.05.
 {¶ 2} The state offered defendant a plea bargain,[1]
which he accepted. He pled guilty to one count of gross sexual imposition of a child under the age of thirteen — a felony of the third degree (count one of the indictment) — and one count of gross sexual imposition — a felony of the fourth degree (count four of the indictment).
 {¶ 3} Before sentencing, defendant filed a motion to dismiss in which he argued that his rights to a speedy trial had been violated. Defendant also filed a motion for new counsel and a pro se motion to withdraw his guilty plea. The trial court denied all three motions and sentenced defendant to two concurrent four-year terms. Defendant filed this timely appeal in which he asserts the following assignments of error:
I. The trial court erred in denying appellant's motion to dismiss due to a speedy trial violation.
 {¶ 4} Defendant argues his right to a speedy trial was violated. Ohio's speedy trial statute is R.C. 2945.71(C)(2), which states:
 {¶ 5} (C) A person against whom a charge of felony is pending:
 {¶ 6} * * *
 {¶ 7} (2) Shall be brought to trial within two hundred seventy days after the person's arrest.
 {¶ 8} Section (E) of the statute explains how the days are computed if a defendant is in jail instead of released on bond:
 {¶ 9} (E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.
 {¶ 10} The time parameters set forth in the statute can be tolled under certain limited circumstances.
 {¶ 11} The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 12} * * *
 {¶ 13} (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused.
 {¶ 14} R.C. 2945.72.
 {¶ 15} Requests for discovery and motions for bills of particulars are tolling events pursuant to R.C. 2945.72(E).State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040,781 N.E.2d 159.
 {¶ 16} In the case at bar, defendant was arrested on June 4, 2003. June 5th, therefore, is the date from which the speedy trial calculation begins. Because defendant remained in jail in lieu of bail he is entitled to have each of his days count as three (3) days under R.C. 2945.71(E). The computation does not end here however, if there were any events such as those described in R.C. 2945.72(E). State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040.
 {¶ 17} On July 24, 2003, defendant filed a motion for a bill of particulars and a motion for discovery. The state responded to both motions on August 25, 2003. Thirty-two (32) days elapsed between defendant's motions and the state's response. On the same date the state filed its responses to defendant's discovery requests, it filed its own motion for discovery from defendant. Upon filing, that motion tolled defendant's speedy trial.
 {¶ 18} Crim.R. 16(C) provides that if a defendant receives discovery from the State pursuant to Crim.R. 16(B), and the State requests reciprocal discovery from the defendant, the defendant "shall comply" with the State's discovery request. * * * "A defendant's untimely compliance with the state's discovery request is chargeable to the defendant under R.C. 2945.72(D), which extends the time for trial for any period of delay occasioned by the neglect or improper act of the defendant." (Citations omitted).
 {¶ 19} State v. Brummett, Highland App. No. 03CA5, 2004-Ohio-431, 2004 Ohio App. LEXIS 381, at ¶ 18.
 {¶ 20} Defendant in this case never responded to the state's discovery request. Therefore, his speedy trial time continued to be tolled.[2] On this record, we conclude that the trial court did not err in denying defendant's motion to dismiss. Defendant's first assignment of error is overruled.
 {¶ 21} II. The trial court erred in not granting appellant's motion for new counsel.
 {¶ 22} Defendant argues the trial court erred by not appointing him a new trial attorney. We disagree.
 {¶ 23} "An indigent defendant * * * must demonstrate `good cause' to warrant substitution of counsel." United States v.Iles (C.A.6, 1990), 906 F.2d 1122, 1130. "Good cause" is shown where the breakdown in the attorney-client relationship "is so severe as to jeopardize the defendant's right to effective assistance of counsel. The trial court's decision is reviewed under an abuse-of-discretion standard." (Citations omitted.)State v. Williams, 99 Ohio St.3d 493, 2003-Ohio-4396,794 N.E.2d 27, at ¶ 135.
 {¶ 24} In the case at bar, as evidence that his relationship with his attorney had broken down, defendant presented insulting and crude statements he made and that he claimed his attorney made.
 {¶ 25} The inappropriate verbal comments defendant claims support the breakdown between him and his attorney were all made by defendant himself or reported by him. The transcript does not record any inappropriate statements directly from his attorney. Nor did his attorney ever say anything during the hearing that would show he could not continue to provide defendant with effective assistance of counsel.
 {¶ 26} The exchange occurred on November 12, 2003, when defendant was to be sentenced and the court was to determine whether he should be classified as a sexual predator. The hearing occurred almost two months after defendant pled guilty to the charges against him. Our review of the record from that hearing indicates that defendant's counsel was fully prepared to address all the sentencing and sexual classification issues that day.
 {¶ 27} On this record, defendant has not established that a mutual breakdown occurred. Indeed, his attorney showed remarkable restraint despite defendant's abusive comments. Nor has defendant shown that his right to effective trial counsel was ever in jeopardy. For these reasons, we do not find any abuse of discretion by the trial court. Defendant's second assignment of error is without merit.
 {¶ 28} III. The trial court erred in not granting appellant's motion to withdraw plea.
 {¶ 29} Defendant argues the trial court erred in denying his motion to withdraw his guilty plea. The Ohio Supreme Court has explained what is required:
i. Crim.R. 32.1,[3] governs the withdrawal of guilty pleas. The rule requires a defendant to show that the proceeding during which he entered that plea was extraordinarily and fundamentally flawed. [A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 {¶ 30} State v. Xie (1992), 62 Ohio St.3d 521, 527,584 N.E.2d 715. "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, 3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v.Johnson, Cuyahoga App. No. 83350, 2004-Ohio-2012, at ¶ 35, citing State v. Peterseim (1980), 68 Ohio App.2d 211,428 N.E.2d 863, at syllabus. A trial court's decision to deny a motion to withdraw a guilty plea is reviewed under an abuse of discretion standard. Johnson at 34, citing Xie, supra.
 {¶ 31} In the case at bar, defendant's attorney was present when he entered his plea on September 23, 2003. The transcript from that hearing demonstrates that defendant understood what he was doing; he denied there were any threats or promises made to induce his plea; and he understood the constitutional rights he was waiving. Just before sentencing, defendant moved to withdraw his guilty plea. The trial court conducted an impartial hearing in which defendant, with his lawyer, was given the opportunity to explain the basis for wanting to withdraw his plea. During that hearing, the following statements were made:
 {¶ 32} THE COURT: * * *
i. So, Mr. Saxon, with regard to your motion here, what has changed from the time that you pled to now that would give rise to something that the Court should be considering with allowing you to withdraw your plea?
 {¶ 33} THE DEFENDANT: Well, basically he didn't tell me the procedures or what was — what would happen next. I was in the dark. He told me I was looking at 16 years and I wouldn't receive a fair trial. In other words, that it would be an all white jury and I was scared and — and I think he tricked me because he never wanted to go to trial no way from the beginning. And I've always wanted to go to trial. I'm innocent.
 {¶ 34} THE COURT: So you're alleging that Mr. Roberson in some way, shape, or form, despite his — that I believe we reviewed it last time on four occasions and he was prepared to go to trial that day, told you or attempted to trick you into pleading guilty that day; is that your — that's what you're saying —
 {¶ 35} * * *
 {¶ 36} THE COURT: — on the record? Okay. Is that it? Is that all you have to offer today with regard to — in support of your motion?
 {¶ 37} THE DEFENDANT: Yes. * * *
 {¶ 38} * * *
 {¶ 39} THE COURT: * * * just so the record's complete, Iremember on the day of trial you were prepared to go forward withthis trial; correct?
 {¶ 40} MR. ROBERSON: Yes, Your Honor.
 {¶ 41} THE COURT: Okay. And I — I assume that you did not inform defendant that he would be subject to the exploits of an all white jury from the suburbs, as alleged in his motion?
 {¶ 42} MR. ROBERSON: That's correct judge.
 {¶ 43} THE COURT: Okay. I didn't think you would. And how many jury trials can you estimate that you've done in your lifetime?
 {¶ 44} MR. ROBERSON. Over 20.
 {¶ 45} THE COURT: Okay. And you were — were you in any way afraid to take this case to trial?
 {¶ 46} MR. ROBERSON: No, Judge.
 {¶ 47} THE COURT: You were prepared to go to trial the last trial date?
 {¶ 48} THE DEFENDANT: You liar.
 {¶ 49} THE COURT: Hold on, Mr. Saxon.
 {¶ 50} THE DEFENDANT: You're lying.
 {¶ 51} THE COURT: Mr. Saxon.
 {¶ 52} THE DEFENDANT: You told me the prosecutor would fight tooth and nail.
 {¶ 53} THE COURT: Mr. Saxon, when I say it's time to be quiet. All right. In either case, we've already reviewed the motion for speedy trial, that was rejected, and we'll overruled [sic] that again. I guess it would be a motion to reconsider it. Also overruled the motion to withdraw the guilty plea.
i. At this time, the Court finds that there's been a consistent pattern in this case by the Defendant's attempts to delay the ultimate trial in this case and/or the ultimate sentencing in this case, which is where we're at right now, by filing motions which are not supported by anything that would legally allow the Court to allow either the withdrawal of a guilty plea or for replacement of counsel. At this time the Court's going to move on to the sentencing in this case.
 {¶ 54} Tr. 29-32. Emphasis added.
 {¶ 55} On this record, we conclude that the trial court followed the mandates of Crim.R. 11(C) and concluded that defendant had failed to produce any evidence that he had a reasonable and legitimate basis for the withdrawal of his plea. "A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." Johnson at ¶ 38, citing State v. Lambros
(1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632. Accordingly, we conclude that the trial court did not abuse its discretion in denying defendant's request to withdraw his guilty plea. Defendant's third assignment of error is overruled.
 {¶ 56} IV. The trial court improperly sentenced appellant to a prison term of four years on a felony of the fourth degree, where the sentencing range is only from six to eighteen months.
 {¶ 57} Defendant argues that the trial court erred in sentencing him to four years on each count, to be served concurrently. Defendant pled to two counts: count one was a felony of the third degree; count four is a felony of the fourth degree. Because the state concedes the merits of this assignment of error, we do not discuss it here except to explain that because count four is a felony of the fourth degree, the maximum sentence is eighteen months, not four years. Thus the trial court's sentence of four years on count four is void. Accordingly, defendant's fourth assignment of error is sustained. The sentence is vacated and the case remanded for resentencing.
 {¶ 58} Judgment accordingly.
It is ordered that appellee and appellant share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., Concurs; Rocco, J., Concurs in part and dissents in part with separate concurring and dissenting opinion.
[1] The state dismissed the remaining four counts of the indictment.
[2] Given our disposition of the speedy trial issue based on defendant's own discovery requests and the discovery request of the state, we need not address the other continuances requested by defendant, which independently extended defendant's speedy trial date. These other continuances toll the speedy trial date by an additional 123 days, computed at the rate of three (3) days for each day of continuance granted to him. The docket shows that on July 25, 2003, defendant requested a continuance of a pretrial to August 12, 2003 (18 days times 3=54 days). On the 12th, defendant requested another continuance until August 20, 2003 (8 days times 3=24 days). At the August 20th pretrial, the trial date was set for September 8, 2003. That date was continued again on defendant's request until September 23, 2003 (15 days times 3=45 days).
[3] Crim.R. 32.1 provides:
A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.