JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant appellant, Evin Peavy, appeals the denial of his presentence motion to withdraw guilty plea from the Cuyahoga County Court of Common Pleas. Finding no error in the proceeding below, we affirm.
 {¶ 2} Peavy and his co-defendant were charged with theft, a felony of the fifth degree. The co-defendant pled guilty to the indictment and agreed to testify against Peavy. On the date of trial, with the co-defendant present in the courtroom, Peavy changed his plea of not guilty and pled guilty to the indictment. Peavy was referred to the probation department for a presentence investigation.
 {¶ 3} Just prior to his sentencing date, Peavy hired a new attorney and filed a motion to withdraw his guilty plea. The court held a hearing wherein Peavy complained that at the time of his plea he did not know that a felony would make him ineligible for student loans. He also claimed that he pled guilty because he was extremely nervous and fearful that he might be re-indicted for robbery.
 {¶ 4} The state argued that Peavy pled guilty on the date of trial because the witnesses, including the co-defendant, were present and ready to testify. The state further argued that Peavy wanted to withdraw his guilty plea because his co-defendant had already been sentenced to six months in prison.
 {¶ 5} The trial court heard arguments from both sides and spoke with the defendant before denying his motion to withdraw guilty plea. Peavy's sentencing *Page 4 
was continued to a later date. Ultimately, he was sentenced to six months in prison because of his juvenile record and his lack of remorse.
 {¶ 6} Peavy appeals, advancing one assignment of error for our review, which states the following:
 {¶ 7} "The trial court abused its discretion in denying appellant's presentence motion to withdraw his plea of guilty."
 {¶ 8} Peavy filed his motion to withdraw guilty plea pursuant to Crim. R. 32.1, which states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 9} In State v. Xie (1992), 62 Ohio St.3d 521, 527, the Ohio Supreme Court explained the mandates of Crim. R. 32.1 as follows: "The rule requires a defendant to show that the proceeding during which he entered that plea was extraordinarily and fundamentally flawed. [A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."
 {¶ 10} The decision to grant or deny such motion is entirely within the trial court's discretion. Accordingly, we will not alter a trial court's decision absent a *Page 5 
showing of an abuse of discretion. Xie, supra; State v. Peterseim
(1980), 68 Ohio App.2d 211, at syllabus.
 {¶ 11} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Johnson, Cuyahoga App. No. 83350, 2004-Ohio-2012, citing Peterseim, supra.
 {¶ 12} For the reasons that follow, we find that the trial court did not abuse its discretion when it denied Peavy's motion to withdraw his guilty plea.
 {¶ 13} The record reflects that at his plea hearing, Peavy was represented by competent counsel and was afforded a full hearing pursuant to Crim. R. 11. Peavy denied being threatened or promised anything in exchange for pleading guilty. The trial court asked Peavy several times if he was sure he wanted to plead guilty. Peavy repeatedly said yes and that he just wanted to get this behind him because he was missing school.
 {¶ 14} The record also reflects that Peavy was given a full and impartial hearing on his motion to withdraw guilty plea, and that the trial court gave full and fair consideration to the plea withdrawal request. The court inquired about Peavy's accusation that his prior attorney scared him into pleading guilty when the attorney explained to Peavy that if he did not plead guilty, he might be re-indicted for felony *Page 6 
two robbery. Peavy told the court that his attorney explained this to him after he pled guilty, which is in direct contradiction to Peavy's sworn affidavit. Further, the court noted that Peavy was not claiming that he was innocent of the crime, and that he moved to withdraw his plea only after his co-defendant was sentenced to prison. We find that the trial court did not abuse its discretion when it denied Peavy's motion to withdraw guilty plea.
 {¶ 15} Accordingly, Peavy's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., and ANN DYKE, J., CONCUR *Page 1