[Cite as *State v. Gloeckner*, 2021-Ohio-1193.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109665 |
| v. | : | |
| JAMES A. GLOECKNER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 8, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-639268-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Oscar Albores, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} James A. Gloeckner ("Gloeckner") appeals from the trial court's denial of his oral motion to withdraw guilty plea. After reviewing the facts of the case and pertinent law, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} On September 23, 2019, Gloeckner entered a guilty plea to sexual battery in violation of R.C. 2907.03(A)(1), a third-degree felony, alleged to have occurred in 2001. The court held a sentencing hearing on November 14, 2019, at which defense counsel requested a continuance and a "mental health competency to stand trial" evaluation of Gloeckner, stating that "it is evident that there are mental health issues." Defense counsel also stated that Gloeckner "has a desire today to withdraw his plea" and that the mental-health evaluation "should be done so that I'm confident that his decision to * * * withdraw his plea or not withdraw his plea is * * * sound and appropriate * * *." The court referred Gloeckner to the psychiatric clinic in accordance with R.C. 2945.371 for a competency-to-stand-trial examination.

{¶ 3} The court held another hearing on March 9, 2020, at which the parties stipulated to Gloeckner's mental-health report, which found him competent. Gloeckner renewed his oral motion to withdraw his guilty plea, which the court denied. The court sentenced Gloeckner to two years in prison and classified him as a sexually oriented offender.

## II. Standard of Review — Motion to Withdraw Guilty Plea

{¶ 4} "Although a defendant is not vested with an absolute right to withdraw a guilty plea, a motion for withdrawal made prior to sentencing is to be freely allowed and liberally treated." *State v. Johnson*, 8th Dist. Cuyahoga

No. 83350, 2004-Ohio-2012, ¶ 34. *See also State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980); Crim.R. 32.1.

{¶ 5} Appellate courts review denials of motions to withdraw guilty pleas for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). It is not an abuse of discretion to deny a motion to withdraw a guilty plea:

> (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Peterseim* at paragraph three of the syllabus.

{¶ 6} Other factors that an appellate court may consider in determining whether a trial court abused its discretion by denying a motion to withdraw a guilty plea are found in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995) and include whether:  the withdrawal will prejudice the prosecution; the motion was timely; "the motion sets out specific reasons for the withdrawal"; the defendant "understood the nature of the charges and possible penalties"; and the defendant "was perhaps not guilty of or had a complete defense to the charge or charges."

### III.  Motion Hearing

{¶ 7} At the March 9, 2020 hearing, the court found that, because the parties stipulated to Gloeckner's competency, "the basis in the first place for the request to withdraw his plea has now been rendered moot."  In response, Gloeckner's counsel argued that Gloeckner's "position" was now that "at the time of

the plea he was diabetic and his blood sugar levels were excessive. He was of the understanding that he would be able to request a bond should he enter a plea of guilty." In other words, Gloeckner believed that he would have been better equipped to control his blood sugar levels outside of the county jail, and he believed that if he pled guilty he would be out on bond. It is undisputed that Gloeckner did not raise this issue at his plea hearing or when he first requested to withdraw his plea.

{¶ 8} The court asked Gloeckner if he was receiving his diabetes medicine while in jail. Gloeckner responded that "[t]hey were providing me with it, Your Honor, but it wasn't working." The court stated that "you were not displaying any signs that you were under any diabetic distress" at the September 23, 2019 plea hearing. The court continued:

> I remember asking you these questions. You were able to answer them fully. We went over a lot of information, and you were able to respond to me in a calm, composed manner.
>
> We had a full discussion regarding all of your trial rights, your requirement to register as a sex offender, the plea, how it was amended, the potential penalties. So that takes a * * * good amount of time. And my recollection is that we talked about all the medication that you were on, that you were thinking clearly that day.
>
> * * * I also * * * have to say that while we were sitting in court here, after I said that there's no reason * * * that was given to withdraw the plea, I gave you time to have a conversation with your attorney, and that's when this new basis appeared * * * after he explained to you that the basis originally is no longer applicable.
>
> So I do find that this is a mere change of heart. I find no evidence to support that you were having a diabetic episode at that time. You were * * * medicated the same as you're being medicated today. You're able to answer all of the questions and have a complete dialogue with me. So I am going to deny your motion to withdraw your plea.

## IV. Analysis

{¶ 9} We turn to our analysis of the *Perterseim* and *Fish* factors. First, there is nothing in the record that speaks directly to whether Gloeckner's attorney was "highly competent." Defense counsel at the time of the plea hearing was Gloeckner's second attorney. On June 10, 2019, the trial court granted his original attorney's motion to withdraw as counsel based on the attorney's medical issues. On June 12, 2019, the court assigned Gloeckner new counsel, and this attorney represented Gloeckner for the remainder of the proceedings. At the plea hearing, the court asked Gloeckner if he had "enough time to speak with your attorney regarding this plea" and if he was "satisfied with the representations that he's provided to you." Gloeckner responded "Yes" to these questions.

{¶ 10} Second, the court held a full hearing before it accepted Gloeckner's guilty plea in the instant case, and the parties do not dispute that the court complied with Crim.R. 11 at this hearing. In fact, the court inquired about whether Gloeckner was taking his blood pressure and diabetes medication while he has been in jail, and Gloeckner replied that he was. The trial court asked whether Gloeckner was "thinking clearly" to which he responded, "Oh, yeah."

{¶ 11} Third, the court held a hearing on Gloeckner's oral motion to withdraw his guilty plea, and although Gloeckner argues that it was "short at just seven transcript pages," the record shows that the court heard argument from defense counsel and the state. Gloeckner cites no law or facts that would show this

hearing was not "complete and impartial." He did not produce or attempt to offer any evidence corroborating the statements he made at the motion hearing.

{¶ 12} Fourth, the record reveals that the court gave "full and fair consideration" to Gloeckner's plea withdrawal request. Gloeckner argues that "the trial court stated its own medical opinion that * * * he displayed no signs of diabetic distress * * *" rather than "hear actual evidence." However, our review of the record shows that Gloeckner did not offer any evidence to support his claim that he was in "diabetic distress" at the time of the plea.

{¶ 13} The fifth factor concerns whether the withdrawal will prejudice the prosecution. The offense to which Gloeckner pled guilty was committed 18 years prior to the plea in this case. The state does not argue, and we do not find, that it would be prejudiced if he withdrew his plea at this stage of the proceedings. Even assuming that this factor supports Gloeckner's request to withdraw his plea, it alone cannot justify granting his motion.

{¶ 14} Sixth, there is no dispute that Gloeckner's original request to withdraw his plea was made within a reasonable time, because it was prior to sentencing and approximately three weeks after he pled guilty. Gloeckner renewed his request to withdraw his guilty plea at his sentencing hearing on March 9, 2020, after the parties stipulated to his competency.

{¶ 15} Seventh, Gloeckner's motion was oral, and the only record of his reasons for requesting to withdraw his guilty plea are found in the transcript. The record reveals that Gloeckner pled guilty, requested to withdraw his plea with no

reason given, was evaluated for mental-health issues, was found competent, and renewed his request to withdraw his plea, alleging for the first time that he was in "diabetic stress" at the time he entered his plea. The court stated on the record that it did not believe Gloeckner's argument about "diabetic distress."

{¶ 16} Eighth, our review of the plea hearing transcript shows that the court fully explained the nature of the sexual battery charge to which Gloeckner pled guilty as well as the potential sentence he faced. The court also explained that Gloeckner would be classified as a "sexually oriented offender" under the former Megan's Law and reviewed the registration requirements associated with this classification. At the hearing regarding Gloeckner's request to withdraw his plea, the trial court concluded that Gloeckner responded to questions at his plea hearing "fully" and in a "calm, composed manner." Nothing in the record suggests the Gloeckner did not understand the nature of the charges and possible penalty.

{¶ 17} Ninth, although Gloeckner argues on appeal that "he is in fact not guilty," it does not appear from the record that he maintained his innocence in the trial court. Gloeckner's argument that he is innocent is not supported by anything he or his counsel stated in open court on or prior to March 9, 2020. On appeal, he offers nothing but the blanket conclusion that he is not guilty.

{¶ 18} Upon review, we find that Gloeckner first requested to withdraw his guilty plea on November 14, 2019, but it was not until March 9, 2020, that he raised the issue of "diabetic distress" as a reason for the request. Gloeckner's allegation is not supported by any evidence, and he made no reports of this medical issue to the

jail. Furthermore, nothing in Gloeckner's Crim.R. 11 plea colloquy indicates that his health was an issue or a reason he was pleading guilty.

{¶ 19} This court has consistently held that the

> defendant's protestations of innocence are not sufficient, however frequently repeated, to warrant grounds for vacating a plea knowingly entered. By inference, all defendants who request a withdrawal of their guilty plea do so based upon some claim of innocence. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea.

(Citations omitted.) *State v. Abdelhag*, 8th Dist. Cuyahoga No. 71136, 1997 Ohio App. LEXIS 3394 (July 31, 1997). *See also State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 27 (when considering a request to withdraw a guilty plea, the trial court '"must determine whether the claim is anything more than the defendant's change of heart about the plea agreement"') (quoting *State v. Kramer*, 7th Dist. Mahoning No. 01-C.A.-107, 2002-Ohio-4176, ¶ 58).

{¶ 20} Accordingly, we find that the court acted within its discretion when it denied Gloeckner's request to withdraw his guilty plea, and his sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MARY J. BOYLE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR