DECISION AND JUDGMENT ENTRY
{¶ 1} Lori A. Brummett ("Brummett") appeals the decision of the Highland County Court of Common Pleas, wherein she was convicted of two counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(3), felonies of the fourth degree, and one count of Disseminating Matter Harmful to Juveniles, in violation of R.C. 2907.31(A)(2), a felony of the fifth degree, and sentenced to eighteen months incarceration.
 {¶ 2} Brummett contends that the State violated her right to a speedy trial, as provided by R.C. 2945.71, in that her trial occurred 514 days after the State served her with a complaint alleging Sexual Conduct with a Minor. Because we find that Brummett failed to comply with the State's discovery request, tolling the computation of her speedy trial time until the date of trial, and even charging the State one hundred ninety-six (196) days for the trial court's unreasonable delay in ruling upon Brummett's first motion to discharge, we find that the State tried Brummett within two hundred sixty-nine (269) days after her initial arrest.
 {¶ 3} Additionally, Brummett alleges that the trial court erred in failing to determine her sexual offender classification prior to or contemporaneous with her sentencing hearing as required by R.C. 2950.09. Because we find that Brummett requested that the sexual offender classification hearing be continued so that she could obtain a psychiatric evaluation to determine the likelihood of recividism, and did not object to proceeding with the sentencing hearing before the sexual offender hearing, she waived this assignment of error. Further, we find that Brummett's appeal to this court did not divest the trial court of jurisdiction to proceed with the sexual offender classification hearing. Accordingly, we overrule both of Brummett's assignments of error and affirm the judgment of the trial court.
 I. {¶ 4} Although the record before this court does not reflect the events that occurred in the Hillsboro Municipal Court, the parties do not dispute the following timeline: 1) On July 20, 2001, a complaint was filed in the Hillsboro Municipal Court, charging Brummett with Unlawful Sexual Conduct with a Minor, in violation of R.C. 2907.04, a felony in the fourth degree; 2) On that date, Brummett was arrested and appeared in court; 3) The court scheduled a preliminary hearing for July 26, 2001, appointed counsel for Brummett, and released her on her own recognizance; 4) On or about July 24, Brummett's counsel filed a motion requesting that the court continue the preliminary hearing, and as a result, the court rescheduled the hearing for August 23, 2001.
 {¶ 5} The record reflects that the Grand Jury issued an indictment on August 9, 2001, and Brummett was arrested on five counts, including two counts of Gross Sexual Imposition, two counts of Disseminating Matter Harmful to Juveniles, and one count of Unlawful Sexual Conduct with a Minor. The parties agree that, as a result of the indictment, the Municipal Court did not conduct a preliminary hearing, and subsequently dismissed the case.
 {¶ 6} Brummett was arrested on August 10, 2001, and held in jail in lieu of bond until November 14, 2001. At that time, she was released on her own recognizance. On November 9, 2001, Brummett filed a motion to discharge, alleging that the state had violated her right to a speedy trial. The trial court overruled Brummett's motion on September 23, 2002. Upon the request of the State, the trial court scheduled the trial for December 16, 2002. Brummett again filed a motion to discharge, which the trial court denied.
 {¶ 7} On December 16, 2002, Brummett entered a no contest plea to two counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(3), felonies in the fourth degree, and one count of Disseminating Matter Harmful to Juveniles, in violation of R.C. 2907.31(A)(2), a felony in the fifth degree. The trial court scheduled Brummett's sentencing and sexual offender classification hearing for January 24, 2003. The court proceeded with the sentencing hearing, sentencing Brummett to 18 months incarceration. After the sentencing portion of the hearing, Brummett's counsel requested a continuance of the sexual offender classification hearing so that Brummett could undergo a psychiatric evaluation to determine the likelihood that she would re-offend. Brummett did not object to the delay of the sexual offender classification hearing. The trial court ultimately conducted Brummett's sexual offender classification hearing on June 27, 2003. However, when the clerk transmitted the record to this court, the trial court had not yet journalized an entry regarding Brummett's sexual offender classification.
 {¶ 8} The trial court issued its judgment entry of confinement on February 10, 2003, and Brummett timely appealed by filing a notice of appeal, pro se. On April 28, 2003, Brummett's appointed counsel filed a notice requesting that this court consider Brummett's appeal to be prematurely filed. Brummett's counsel argued that the sexual offender classification hearing had not yet taken place, and therefore, the sentencing entry appealed was incomplete, and the appeal premature. We found that the order from which this appeal was taken is a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54(B).
 {¶ 9} Brummett raises the following assignments of error for our review: "I. The Trial Court denied Defendant the right to a speedy trial by virtue of its unreasonable delay in issuing a decision on Defendant's Motion for Discharge under § 2945.73. II. The Trial Court erred in failing to determine Defendant's sexual offender classification prior to or contemporaneous with her sentencing hearing as required by § 2950.09."
 II. {¶ 10} In her first assignment of error, Brummett argues that the trial court denied her right to a speedy trial, in that the court took more than ten (10) months to rule on her first motion to discharge.
 {¶ 11} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant a speedy trial by the State. State v. Ladd (1978), 56 Ohio St.2d 197, 200. Additionally, Article I, Section 10 of the Ohio Constitution provides that all criminal defendants have a right to a speedy trial. However, the constitutions do not specify any timeline required to ensure the protection of this right.
 {¶ 12} R.C. 2945.71(C)(2) provides that a criminal defendant, charged with a felony, shall be brought to trial within 270 days of her arrest. Pursuant to R.C. 2945.71(E), each day that a defendant is incarcerated in lieu of bond shall count as three (3) days. R.C. 2945.72 provides that the time for bringing a criminal defendant to trial may be extended for certain periods of time, including: (D) Any period of delay occasioned by the neglect or improper act of the accused; and, (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused. Accordingly, we must determine whether Brummett's trial was timely in light of the relevant extensions.
 {¶ 13} "Review of a speedy trial issue usually raises a mixed question of law and fact. We accept the trial court's findings of fact on some competent, credible evidence, but freely review application of law to facts." State v. Hurst (Mar. 12, 1999), Gallia App. No. 98CA08, citing State v. Boso (Sept. 11, 1996), Washington App. No. 95CA10; State v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136. Here, the trial court did not issue, nor did Brummett request, findings of fact and conclusions of law with respect to its denial of Brummett's first motion to discharge. See Crim.R. 12(F) ("Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.") However, we find that the record provides us with an adequate basis to review Brummett's assignments of error. State v. Almalik (1987),41 Ohio App.3d 101, 105.
 {¶ 14} Here, the parties agree that the time for Brummett's speedy trial began to run on July 20, 2001, when she was served with the Hillsboro Municipal Court complaint alleging sexual conduct with a minor. The parties also agree that Brummett was released upon her own recognizance on the same day. Accordingly, they agree that from the time she was served with the complaint on July 20, 2001, until July 24, 2001, when her counsel filed a motion to continue the preliminary hearing, four (4) days of her 270 day speedy trial time elapsed.
 {¶ 15} Additionally, due to Brummett's motion for continuance, the parties agree that no further time elapsed until Brummett was arrested on the indictment on August 10, 2001. The day of the defendant's arrest does not count for purposes of the speedy trial calculation. State v. Stamps (1998),127 Ohio App.3d 219, 223. Therefore, we calculate Brummett's incarceration in lieu of bond, from August 11, 2001 until August 22, 2001 when her counsel filed a request for discovery and a bill of particulars.[1] Because Brummett remained incarcerated during this twelve (12) day period, the twelve (12) days shall be calculated as thirty-six (36) days. R.C. 2945.71(E). The State complied with Brummett's discovery request on September 28, 2001, but never filed a bill of particulars in this case.[2]
Accordingly, we find that Brummett's speedy trial time began to run again on September 28, 2001.
 {¶ 16} The parties agree that from July 20, 2001 to September 28, 2001, a total of 40 days of speedy trial time elapsed. Based upon the foregoing, we agree with the parties' calculations from July 20 to September 28, 2001. The parties disagree as to the proper calculation of time after September 28, 2001.
 {¶ 17} The State filed a motion for discovery on September 28, 2001, and argues that Brummett's failure to comply with that discovery request, even after the State filed a motion to compel, tolled Brummett's speedy trial time pursuant to R.C. 2945.72 (D) until the trial date. Alternatively, the State argues that Brummett's failure to comply with its discovery request tolled her speedy trial time at least from the time that the State filed its motion to compel on November 9, 2001. Brummett argues that she had no discoverable information to provide. Therefore, she claims her failure to comply with the State's request for discovery, or its motion to compel, did not constitute neglect or a wrongful act of the accused causing delay to justify an extension of her speedy trial time.
 {¶ 18} Crim.R. 16(C) provides that if a defendant receives discovery from the State pursuant to Crim.R. 16(B), and the State requests reciprocal discovery from the defendant, the defendant "shall comply" with the State's discovery request. We agree with the State's argument that it had no way of knowing whether Brummett had discoverable information or not, in that Brummett failed to respond to the State's discovery request with even a simple statement that none of the requested information existed. "A defendant's untimely compliance with the state's discovery request is chargeable to the defendant under R.C. 2945.72(D), which extends the time for trial for any period of delay occasioned by the neglect or improper act of the defendant."State v. Stewart (Sept. 21, 1998), Warren App. No. CA98-03-021, citing State v. Larsen (Mar. 25, 1995), Medina App. No. 2363-M.
 {¶ 19} The Eighth District Court of Appeals has stated that a criminal defendant "can hardly ignore a lawful request for information, and then claim that [she] was not timely tried caused by [her] own motions and neglect." Chagrin Falls v.Vartola (April 2, 1987), Cuyahoga App. Nos. 51571 and 51572. We find that the delay occasioned by Brummett's failure to comply with the State's discovery request commenced no later than November 9, 2001, when the State filed its motion to compel, forty-two (42) days after the State filed its original motion for discovery. Because Brummett never complied with the State's discovery request prior to entering her no contest plea on December 16, 2002, the running of her speedy trial time remained tolled.
 {¶ 20} Additionally, we note that Brummett filed a motion for leave to file a motion to suppress out of rule on October 9, 2001. The trial court granted Brummett's motion to file out of rule on October 10, 2001, and Brummett actually filed her motion to suppress on October 11, 2001. The trial court conducted a hearing on Brummett's motion on November 1, 2001 and issued an entry, denying Brummett's motion to suppress on November 26, 2001. Therefore, Brummett's motion tolled her speedy trial time from October 9, 2001 through November 26, 2001, pursuant to R.C.2945.72(E). We note that seventeen (17) days of this forty-eight (48) day period overlap with time tolled for Brummett's failure to comply with the State's discovery request.
 {¶ 21} Much of Brummett's argument in support of her first assignment of error centers around Brummett's claim that the trial court unreasonably delayed ruling on her November 9, 2001 motion to discharge. As previously discussed, generally, a motion filed by a criminal defendant tolls the calculation of the defendant's speedy trial time pursuant to R.C. 2945.72(E). However, Brummett argues that the three hundred eighteen (318) days the trial court took to rule upon her motion were unreasonable. Brummett argues that this delay violated her right to a speedy trial, and, therefore, claims her conviction should be reversed.
 {¶ 22} R.C. 2945.72(E) provides for an extension of the trial deadline for a "period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused * * *." The Committee Comment to H.B. 511 makes it clear that the reasons for delay enumerated in R.C. 2945.72 do not unconditionally extend the time limit in which an accused must be brought to trial, but provides that the time limit is "merely extended by the time necessary in light of the reason for delay." The Ohio Supreme Court has noted that "A strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible." State v. Martin (1978),56 Ohio St.2d 289, 297.
 {¶ 23} There is no strict time limit in which a trial court must rule upon a motion. However, Sup.R. 40(A) provides in relevant part, "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed, except as noted on the report forms." We have previously noted that "the Rules of Superintendence are internal housekeeping rules and do not give any rights to individual defendants." State v. Hurst
(Mar. 12, 1999), Gallia App. No. 98CA08, citing Esber v. Esber
(1989), 63 Ohio App.3d 394.
 {¶ 24} While the Rules of Superintendence are not binding upon a court, they do offer us a guide in determining what is reasonable. In Hurst, we determined that a period of one hundred forty-seven days to rule upon a defendant's motion to dismiss did not rise to the level of depriving the defendant of his speedy trial rights. Here, the trial court took three hundred eighteen (318) days to rule upon Brummett's motion to dismiss. It does not appear that Brummett's motion was either complex or difficult, nor did the trial court's decision require a great deal of legal research. Accordingly, we find that the three hundred eighteen (318) days the trial court took to rule upon Brummett's motion was unreasonable.
 {¶ 25} It is well settled that the extension provisions of R.C. 2945.72 must be strictly construed against the State. Statev. Zajdel (Sept. 5, 1997), Athens App. No. 96CA1770, citingState v. Singer (1977), 50 Ohio St.2d 103, 109; BostonHeights v. Weikle (1991), 81 Ohio App.3d 165; State v. Ball
(1990), 66 Ohio App.3d 224, 228. Here, however, we are confronted with the unreasonable amount of time that the trial court took to rule upon Brummett's motion, and Brummett's continued failure to comply with the State's discovery request. Using the Rules of Superintendence as a guideline, we find that the trial court should reasonably have ruled upon Brummett's motion to discharge within one hundred twenty (120) days, or by March 9, 2002. However, March 9, 2002 fell on a Saturday, thereby extending the reasonable period of time an additional two (2) days, to Monday, March 11, 2002. See Crim.R. 45(A). Therefore, strictly construing the extension of time related to the trial court's delay against the State, we find that one hundred ninety-six (196) days of the total three hundred eighteen (318) day period to be appropriately charged to the State.
 {¶ 26} In summary, in calculating Brummett's speedy trial time, and construing the extensions of time permitted by R.C.2945.72 most strongly against the State, we charge the State with the following periods of time: July 20 — 24, 2001, four (4) days; August 11 — 22, 2001, twelve (12) days, counted as thirty-six (36) days due to Brummett's incarceration; September 28 — Oct. 9, 2001, eleven (11) days, counted as thirty-three (33) days due to Brummett's incarceration; and, March 11 — September 23, 2002, one hundred ninety-six days (196). Thus, considering the various tolling factors, including Brummett's continued failure to respond to the State's discovery requests, and liberally calculating the time charged to the State for the trial court's unreasonable delay in ruling upon Brummett's motion to discharge, we find that, at most, two hundred sixty-nine (269) chargeable days passed from Brummett's original indictment to the day she entered her no contest plea. Accordingly, we overrule Brummett's first assignment of error.
 II. {¶ 27} In her second assignment of error, Brummett alleges that the trial court erred in holding her sexual offender classification hearing after her sentencing hearing. Brummett is correct that R.C. 2950.09(B)(2) provides that the trial court shall conduct a sexual offender classification hearing prior to sentencing, or in felony cases, may conduct it as part of the sentencing hearing. However, in State v. Bellman (1999),86 Ohio St.3d 208, 210, the Ohio Supreme Court held that the language of R.C. 2950.09(B)(2) requiring the trial court to conduct the sexual offender classification hearing before, or contemporaneous with the sentencing is directory rather than mandatory in nature. The Supreme Court therefore concluded that "is not jurisdictional, and a defendant may waive the requirement in R.C. 2950.09(B)(1) that the sexual predator hearing precede sentencing." Id. at 210-211.
 {¶ 28} Here, the transcript of Brummett's sentencing hearing reflects that Brummett's counsel requested a continuance of the sexual offender classification portion of the hearing so that Brummett could obtain a psychiatric evaluation regarding the likelihood of recidivism. The transcript further reflects that Brummett did not object to the trial court proceeding with the sentencing hearing at that time. Additionally, we note that in her notice of premature notice of appeal, Brummett's counsel stated that "[t]he parties stipulated at sentencing that the psychological evaluation was not available and that the classification hearing would be held at a later date." Because we find that Brummett consented to, and even requested, a continuance of the sexual offender classification hearing to allow the completion of a psychiatric examination we find that she has waived this assignment of error.
 {¶ 29} Additionally, Brummett argues that her appeal to this court effectively divested the trial court of jurisdiction to conduct proceedings regarding her sexual offender classification. We disagree. When an appeal is pending before a court of appeals, the trial court is divested of jurisdiction except to take action in furtherance of the appeal. However, "the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Daloiav. Franciscan Health Sys. of Cent. Ohio, Inc. (1997),79 Ohio St.3d 98, 101, citing Howard v. Catholic Social Serv. ofCuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 146, citing Yeev. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44, andIn re Kurtzhalz (1943), 141 Ohio St. 432, paragraph two of the syllabus.
 {¶ 30} Here, while the sexual offender classification hearing is clearly related to the underlying criminal charges, it is a civil proceeding. State v. Gowdy (2000), 88 Ohio St.3d 387,398; State v. Cook (1998), 83 Ohio St.3d 404, 423. Further, the outcome of the sexual offender classification will have no impact upon our jurisdiction to reverse, modify, or affirm the judgment. Therefore, we find that the trial court retained jurisdiction to proceed with the sexual offender classification hearing while Brummett's appeal was pending before this court. Accordingly, we overrule Brummett's second assignment of error and affirm the judgment of the trial court.
Judgment Affirmed.
Harsha, J. and Evans, J., concur in Judgment only.
[1] "* * * [I]t is well established that requests for discovery and motions for bills of particulars are tolling events pursuant to R.C. 2945.72(E) * * *." State v. Brown (2002),98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 18 (citations omitted).
[2] "The purpose of an indictment is to inform the accused of the nature of the offense with which he is charged. If the indictment does this then the court does not abuse its discretion in failing to order a bill of particulars." Boynton v. Sacks
(1962), 173 Ohio St. 526, 529-530, citing Holt v. State,107 Ohio St. 307. Here, the indictment adequately informed Brummett of the nature of the charges against her. Therefore, the trial court did not abuse its discretion in failing to order a bill of particulars. Accordingly, we find that Brummett's speedy trial time began to run again when the State complied with her discovery request.