{¶ 47} "`The rationale supporting [the speedy trial statute] was to prevent inexcusable delays caused by indolence within the judicial system.'" State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, ¶ 24, quoting State v. Ladd (1978),56 Ohio St.2d 197, 200. The majority opinion converts the speedy trial statutes, R.C. 2945.71 et. seq., from a shield designed to protect a defendant's right to a speedy trial into a sword by which a defendant can unreasonably indefinitely delay the discovery process and then seek discharge for a speedy trial violation. Such a ruling subverts the purpose of the speedy trial statutes, is unsupported by case law or logic, and invites abuse of the discovery process; I therefore dissent.
 {¶ 48} In reaching its decision, the majority begins its analysis with two invalid suppositions. First, the majority states, "It is black letter law that only the defendant through his own affirmative acts can toll and/or waive the speedy trial requirement." However, the speedy trial statute itself contemplates some limited tolling for reasons other than the defendant's affirmative acts. R.C. 2945.72(H) states in relevant part that the speedy trial time may be tolled for "* * * the period of any reasonable continuance granted other than upon the accused's own motion[.]"
 {¶ 49} The majority then asserts that the state failed to respond to appellant's request for a bill of particulars within a reasonable time. Here the majority makes its second false supposition when it states:
 {¶ 50} "The state is presumed to have all of its facts and witnesses prepared and ready to go prior to seeking its indictments, as they choose the time and place to proceed. It is unfathomable that they do not have their discovery and do not have the information readily available in their file to formulate a bill of particulars. If the time, the date, and the offense information are not available to them, they should not seek an indictment or charge a defendant until they are prepared."
 {¶ 51} The majority offers no support for this supposition and in fact, Ohio Supreme Court case law refutes this argument. In Brown, the Supreme Court was asked to decide, "`Whether the defendant's filing of a request for discovery or for a bill of particulars, and the state's response thereto, extends the time within which the defendant must be brought to trial under the Ohio speedy trial statute, * * *.'" Id. at ¶ 6. The Supreme Court held that such requests tolled the speedy trial time and stated:
 {¶ 52} "Discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay. If no tolling is permitted, a defendant could attempt to cause a speedy-trial violation by filing discovery requests just before trial. Courts could grant case-by-case exceptions but would then be in the unenviable position of deciding how close to trial is too close to request additional discovery. Further, prosecutors could be forced to make hurried responses to discovery requests to avoid violating the speedy-trial statute. We conclude that allowing a defendant's discovery requests to toll the running of the speedy-trial period is the most sensible interpretation of R.C. 2945.72(E)." Id. at ¶ 23.
 {¶ 53} Thus, the Ohio Supreme Court clearly recognizes that prosecutors may, and often do, seek indictments prior to having their case completely ready for trial. Any one who has acted in a prosecutorial capacity is aware that in a criminal prosecution the state's investigative exercises, including forensic reports and expert opinions, are often not finalized until shortly before the commencement of trials. Certainly, the defense criminal bar is equally attuned to this reality.
 {¶ 54} The majority next cites State v. Borrero, 8th Dist. No. 82595, 2004-Ohio-4488, ("Borrero II") and concludes the speedy trial time is not tolled during the period in which the state is awaiting the defendant's responses to the state's discovery requests. However, Borrero II is inapposite of the instant case because the holding in that case was primarily based on the court's lack of diligence in appointing counsel for the defendant.
 {¶ 55} The majority also makes much of the state's failure to seek an order compelling discovery; however, in doing so, the majority ignores the reality that Crim.R. 16 is self-actuating, i.e., it places an affirmative duty on the defendant to respond to the states discovery requests. The rule states, "Upon written request each party shall forthwith provide the discovery herein allowed." (Emphasis added.) Crim.R. 16(A). As the Ninth District stated in State v. Larsen, 9th Dist. No. 2363-M, 1995 Ohio App. LEXIS 1128:
 {¶ 56} "While it is true that a demand for discovery made to the opposing party does not invoke the court's jurisdiction to issue an order, the Criminal Rules contemplate that discoverable information will not be unreasonably withheld. Accordingly, the court's role in regulating discovery is limited to those instances where a party fails to comply with a discovery request and the opposing party files a motion with the court to compel such discovery. However, we are not persuaded that `neglect' or an `improper act' as contemplated in R.C. 2945.72 require disobedience of a court order." Id. at 6.
 {¶ 57} The majority opinion allows a defendant carte blanche to ignore the mandates of Crim.R. 16.
 {¶ 58} Finally, the majority argues the state failed to show prejudice resulting from the delay. Of course, prior to the majority's decision, there was no requirement that the state demonstrate prejudice from the delay. R.C. 2945.72(D) only required the trial court to find the delay was caused by the neglect or improper act of the accused.
 {¶ 59} The majority of courts which addressed this issue have concluded that the time during which the state is awaiting the defendant's responses to discovery tolls the speedy trial time. See, Village of Chagrin Falls v. Vartola, 8th Dist. Nos. 51571 51572, 1987 Ohio App. LEXIS 6926; State v. Larsen, 9th Dist. No. 2363-M, 1995 Ohio App. LEXIS 1128; State v. Stewart, 12th Dist. No. CA98-03-021, 1998 Ohio App. LEXIS 4384; State v.Litteral, 12th Dist. No. CA98-02-002, 1999 Ohio App. LEXIS 4;State v. Brummett, 4th Dist. No. 03CA5, 2004-Ohio-431. A contrary decision invites abuse and subverts the purpose of the speedy trial statutes.
 {¶ 60} As the Eighth District stated in Vartola, a defendant "* * * can hardly ignore a lawful request for information, and then claim [he] was not timely tried * * *." Id. at 4.
 {¶ 61} In the instant case, the state propounded discovery on appellant on May 3, 2004. Appellant responded July 2, 2004. The trial court properly found the speedy trial time was tolled during this period and thus, appellant was not entitled to discharge under R.C. 2945.73. I would affirm the trial court's judgment.