OPINION {¶ 1} Defendant-appellant, Michael Feasal, appeals his conviction in the Fayette County Court of Common Pleas on speedy trial grounds and on his classification as a sexual predator. Judgment affirmed in part, reversed in part.
 {¶ 2} Appellant was charged in an indictment with seven counts of pandering sexually oriented matter involving a minor and 32 counts of illegal use of a minor in nudity-oriented material or performance. Appellant was arrested on the indictment on March 12, 2005.
 {¶ 3} Appellant moved to dismiss the charges on speedy trial grounds on June 21, 2005. Appellant pled no contest and was found guilty on all 39 counts on June 27. Appellant's motion to dismiss on speedy trial grounds was denied on July 7, 2005, with the trial court finding that appellant was tried within the statutory parameters.
 {¶ 4} A sexual predator hearing was held and appellant was found to be a sexual predator. Appellant was sentenced by the trial court on July 18, 2005. Appellant instituted the instant appeal, setting forth two assignments of error. We will address these two assignments in reverse order.
 {¶ 5} Assignment of Error No. 2:
 {¶ 6} "THE TRIAL COURT ERRED IN NOT DISMISSING THE INDICTMENT DUE TO A SPEEDY TRIAL VIOLATION[.]"
 {¶ 7} The right to a speedy trial is guaranteed to all state criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution, Klopfer v. North Carolina (1967), 386 U.S. 213, 222, 87 S.Ct. 988, and by Section 10, Article I of the Ohio Constitution.State v. Ladd (1978), 56 Ohio St.2d 197, 200.
 {¶ 8} Speedy-trial provisions are mandatory, and, pursuant to R.C.2945.73(B), a person not brought to trial within the relevant time constraints "shall be discharged," and further criminal proceedings based on the same conduct are barred. State v. Sanchez,110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 7.
 {¶ 9} The speedy-trial statutory provisions constitute a rational effort to enforce the constitutional right to a speedy trial and shall be strictly enforced by the courts. State v. Pachay (1980),64 Ohio St.2d 218, syllabus. The rationale supporting speedy-trial legislation is to "prevent inexcusable delays caused by indolence within the judicial system." Sanchez, at ¶ 8, quoting Ladd, 56 Ohio St.2d at 200.
 {¶ 10} A person charged with a felony shall be brought to trial within 270 days of the date of arrest. R.C. 2945.71(C)(2); Sanchez. If that person is held in jail in lieu of bail, then each day of custody is to be counted as three days. R.C. 2945.71(E); Id.
 {¶ 11} Our review of a speedy trial issue involves a mixed question of law and fact. This court must defer to the trial court's findings of fact if supported by competent, credible evidence, but we independently review whether the trial court properly applied the law to those facts.State v. Riley, 162 Ohio App.3d 730, 2005-Ohio-4337, ¶ 19.
 {¶ 12} Appellant was arrested and placed in jail on these charges on March 12, 2005 and held in jail in lieu of bail from the day of his arrest onward. Therefore, as a result of the triple-count provision in R.C. 2945.71(E), the state had 90 days within which to bring appellant to trial.
 {¶ 13} The calculation of appellant's time began to run on March 13, the day after appellant was arrested. Crim.R. 45(A); State v.Stamps (1998), 127 Ohio App.3d 219, 223 (time period for speedy trial purposes begins to run the day following the arrest).
 {¶ 14} From March 13 until appellant pled no contest to the charges on June 27, 2005, 107 days elapsed, which constitutes a prima facie showing of a speedy trial violation. See State v. Steinke, 158 Ohio App.3d 241,2004-Ohio-1201, ¶ 5 (after prima facie showing by defendant, burden shifts to state to show tolling of time).
 {¶ 15} However, the speedy-trial clock may be temporarily stopped or tolled, but only for reasons listed in R.C. 2945.72. Sanchez, at ¶ 8 (court required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits).
 {¶ 16} R.C. 2945.72 provides:
 {¶ 17} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 18} "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, * * *;
 {¶ 19} "(B) Any period during which the accused is mentally incompetent to stand trial or * * * any period during which the accused is physically incapable of standing trial;
 {¶ 20} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 21} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 22} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 23} "(F) Any period of delay necessitated by a removal or change of venue pursuant to law;
 {¶ 24} "(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;
 {¶ 25} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
 {¶ 26} "(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."
 {¶ 27} A review of the record indicates that appellant requested counsel at his March 14 arraignment and was appointed counsel by entry on March 15. The same court entry reflected a trial date, and an informal pretrial date of April 11. The trial court ordered all discovery completed before the informal pretrial date. The trial court further ordered the state to comply with any discovery request made by appellant within seven days of the filing of appellant's motion for discovery. Likewise, the trial court ordered that appellant provide discovery within seven days after receipt of discovery from the state.
 {¶ 28} On March 24, appellant's attorney mailed a letter asking for discovery to the state, which, according to the office stamp, was received by the prosecuting attorney's office on March 28, 2005. Appellant never filed a request for discovery with the trial court. The state filed its discovery response by April 5, and also filed a request for discovery from appellant on the same date. Appellant did not respond until he filed his discovery response on April 19, 2005.
 {¶ 29} Both parties focus this court's attention on and dispute the significance of appellant's letter mailed to the prosecutor's office. Thus, we will address this issue first.
 {¶ 30} In State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, the Supreme Court held that a defendant's demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E). See R.C.2945.72(E) (delay necessitated by reason of motion of accused). A defendant's discovery request diverts attention of prosecutors from preparing their case for trial, thus necessitating delay. Id. at 124.
 {¶ 31} In the case at bar, appellant's counsel mailed a request for discovery to the prosecutor's office. Appellant argues that this informal request for information by letter was not a tolling event. We disagree.
 {¶ 32} An informal request for discovery is an action made or instituted by the accused that diverts the attention of prosecutors from preparing their case for trial, and therefore, tolls the time. State v.Brown, Ashtabula App. No. 2003-A-0092, 2005-Ohio-2879, ¶ 36 ("[w]e do not see that a distinction should be made between formal, filed requests and informal requests sent to the prosecutor's office").
 {¶ 33} Despite a defendant's "attempt to circumvent the tolling period through the guise of a letter to the prosecutor in lieu of a formal request, the request is considered nonetheless a proper tolling event."State v. Bailey, Portage App. No. 2005-P-0081, 2006-Ohio-6206, ¶ 17.
 {¶ 34} Thus, the speedy trial time in the instant case was tolled for eight days between the time the state received the request for discovery and the discovery response was filed with the trial court.
 {¶ 35} R.C. 2945.72(C) states that the speedy trial time may be extended by any period of delay necessitated by the accused's lack of counsel, provided such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request. The trial court appointed counsel for appellant by entry the day after appellant's arraignment, and therefore, the trial court was diligent in providing counsel.
 {¶ 36} The trial court by necessity set tight deadlines for discovery exchange in this case. Despite these close time frames, appellant did not ask for discovery during the elapsed time from counsel's appointment date of March 15 until March 28, when the letter was received by the prosecutor. There is no indication in the record that appellant asked for any extensions to comply with these ordered deadlines. Delaying the discovery process until March 28 precluded the parties from meeting the April 11 reciprocal discovery deadline.
 {¶ 37} We will presume that appellant's counsel did not intentionally delay the discovery process by mailing the discovery request nearly nine days after his appointment. Instead, we find that the delay was occasioned by appellant's initial lack of counsel and attribute at least one day to that delay.
 {¶ 38} We note that appellant filed a motion to dismiss the charges on June 21, and the state filed a written response to the motion. A motion to dismiss by the defendant also tolls the running of the speedy-trial time. R.C. 2945.72(E) (delay necessitated by reason of motion);State v. McCall, 152 Ohio App.3d 377, 382, 2003-Ohio-1603, ¶ 25; seeState v. Broughton (1991), 62 Ohio St.3d 253, 262.
 {¶ 39} Appellant entered a plea on June 27, before the trial court ruled on his motion to dismiss. Accordingly, appellant's calculation is tolled from the filing of his motion to dismiss until his plea.
 {¶ 40} A calculation on appellant's case with the three previously mentioned tolling events still finds that appellant pled 92 days after he was arrested.
 {¶ 41} The state maintains that they requested reciprocal discovery from appellant on April 5, and therefore, the time is also tolled from that date until appellant responded on April 19.[1] We do not agree.
 {¶ 42} A reciprocal request for discovery does not toll the speedy trial calculation as a matter of course. However, this court and others have found that a defendant's untimely compliance with the state's discovery request is chargeable to the defendant under R.C. 2945.72(D).State v. Stewart (Sept. 21, 1998) Warren App. No. CA98-03-021, citingState v. Larsen (Mar. 22, 1995), Medina App. No. 2363-M.; State v.Litteral (Jan. 4, 1999), Fayette App. No. CA98-02-002; State v.Brummett, Highland App. No. 03CA5, 2004-Ohio-431, ¶ 18-19.
 {¶ 43} As was previously noted in the language of R.C. 2945.72, the time within which a defendant must be brought to trial may be extended by any period of delay occasioned by the neglect or improper act of the accused. R.C. 2945.72(D).
 {¶ 44} A party cannot ignore a lawful request for information, and then claim that he was not timely tried due to his own motions and neglect. Chagrin Falls v. Vartola (Apr. 2, 1987), Cuyahoga App. Nos. 51571, 51572.
 {¶ 45} Unlike Brummett and Vartola, appellant in the case at bar responded to the discovery request. There is no indication in the record that appellant had problems providing discovery. However, appellant's discovery disclosure, provided after the deadlines set by the trial court, listed no information other than his name as a possible witness.[2] Due to appellant's failure to timely respond within the short deadlines, the calculation for appellant's speedy trial rights is tolled for an additional three days from the deadline for reciprocal discovery to the date it was filed with the trial court.[3]
 {¶ 46} Accordingly, appellant's speedy trial rights were not violated as appellant was brought to trial within 90 days of his arrest. The trial court did not err in denying his motion to dismiss. Appellant's second assignment of error is overruled.
 {¶ 47} Assignment of Error No. 1:
 {¶ 48} "THE TRIAL COURT ERRED BY CONDUCTING A SEXUAL CLASSIFICATION HEARING AND CLASSIFYING THE DEFENDANT AS A SEXUAL PREDATOR WHEN THE DEFENDANT WAS NOT CHARGED WITH A SEXUALLY ORIENTED OFFENSE[.]"
 {¶ 49} Appellant was charged and convicted of multiple counts of R.C.2907.322(A)(5) and R.C. 2907.323(A)(3). Appellant argues that these charges are not included in the sexual classification statutes as sexually oriented offenses, and therefore, he is not eligible for the classification and notification provisions. The state concedes that neither offense is listed under R.C. 2950.01 as a sexually oriented offense. See R.C. 2950.04.
 {¶ 50} We agree with both appellant and the state that the offenses for which appellant was convicted do not statutorily qualify for the classification and notification requirements. See State v. Maxwell, Franklin App. No. 02AP-1271. 2004-Ohio-5660, ¶ 23; see Phan v.Leis, Hamilton App. No. C-050842, 2006-Ohio-5898 (appeals court stated that it was unsure why the legislature decided to omitpossession [emphasis added] of child pornography from the definition of sexually oriented offenses in the classification statutory scheme, but "it has omitted it, and we cannot expand on the statute-to do so would be judicial legislation").
 {¶ 51} Accordingly, appellant's first assignment of error is sustained. Appellant's classification as a sexual predator is reversed.
 {¶ 52} We also note that the judgment entry of conviction contains a typographical error in reference to the statutory section with which appellant was convicted. We remand this cause for the trial court to amend the judgment entry to reflect the correct statutory sections and to delete any sexual predator classification assigned to appellant.
 {¶ 53} Judgment affirmed in part, reversed in part and remanded for proceedings consistent with law and the opinion of this court.
POWELL, P.J., and YOUNG, J., concur.
[1] Appellant's calculations in his appellate brief appear to assume that the state's reciprocal request for discovery was a proper tolling event.
[2] The trial court ordered appellant to respond within seven days of receiving discovery from the state. The state filed their discovery on the eighth day after the letter was stamped into their office. Accordingly, appellant had eight days to respond after receiving the discovery, and we calculate three days to receive the discovery from the prosecutor (emphasis added).
[3] The Ohio Supreme Court in 2006 accepted review of the certified conflict between State v. Larsen and State v. Palmer, Portage App. No. 2004-P-0106, 2005-Ohio-6710. The question before the Supreme Court is: "Whether a defendant's failure to timely respond to the State's request for reciprocal discovery is a period of delay occasioned by the `neglect' or `improper act' of the defendant that tolls the speedy trial time pursuant to R.C. 2945.72(D), even in the absence of a Crim.R. 16 demand for discovery."