[Cite as *State v. Wilcox*, 2025-Ohio-891.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-P-0022 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DOMINIC GIOVONNI WILCOX, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00671 C |

**O P I N I O N**

Decided: March 17, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Eric R. Fink*, 11 River Street, Kent, OH 44240 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Dominic Giovonni Wilcox, appeals the judgment of the Portage County Court of Common Pleas, convicting him on one count of Felonious Assault, a second-degree felony. At issue is whether Wilcox's right to a speedy trial was violated. We answer this question in the negative and affirm the trial court.

{¶2} In June 2023, Wilcox, along with several co-defendants, were involved in a fight with neighbors. After the fight, one of the victims was hospitalized due to severe injuries he sustained as a result of the incident. Two other victims sustained minor injuries. Wilcox was subsequently indicted on three counts of Felonious Assault, felonies of the second degree, in violation of R.C. 2903.11.

{¶3} Wilcox pleaded not guilty to the charges and, on October 20, 2023, raised the affirmative defense of self-defense. On October 25, 2023, Wilcox filed a motion alleging his statutory right to a speedy trial had been violated. The State opposed the motion, and on November 13, 2023, the trial court denied the motion.

{¶4} The matter proceeded to jury trial after which Wilcox was found guilty on one count of felonious assault; he was acquitted on the remaining charges. Wilcox was sentenced to a period of community control. Wilcox now appeals and assigns the following as error:

{¶5} "The trial court erred in denying Mr. Wilcox's motion to dismiss indictment for speedy trial violation in violation of Mr. Wilcox's statutory and constitutional rights."

{¶6} "The right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, made obligatory on the states by the Fourteenth Amendment. Section 10, Article I of the Ohio Constitution guarantees an accused this same right." *State v. Hughes*, 86 Ohio St.3d 424, 425 1999-Ohio-118, citing *State v. MacDonald*, 48 Ohio St.2d 66, 68 (1976). This constitutional mandate is codified in Ohio under R.C. 2945.71, which sets forth specific time limits for bringing a defendant to trial. *See, e.g., State v. Louis*, 2020-Ohio-951, ¶ 28 (2d Dist.).

{¶7} Pursuant to R.C. 2945.71(C)(2), a defendant charged with a felony must be brought to trial within 270 days after the defendant's arrest. "For purposes of calculating speedy-trial time, 'each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.' Thus, subject to certain tolling events, a jailed defendant must be tried within 90 days." (Citation omitted.) *State v. Ramey*, 2012-Ohio-2904, ¶ 15, quoting R.C. 2945.71(E). The day of arrest is not included when

2

calculating a defendant's speedy trial time. *See, e.g., State v. Olcese*, 2009-Ohio-5057, ¶ 114, fn. 2 (11th Dist.)

{¶8} "Speedy trial provisions are mandatory, and, pursuant to R.C. 2945.73(B), a person not brought to trial within the relevant time constraints 'shall be discharged,' and further criminal proceedings based on the same conduct are barred." *State v. Sanchez*, 2006-Ohio-4478, ¶ 7, quoting R.C. 2945.73(B) and citing R.C. 2945.72(D). "[T]he prescribed times for trial set forth in R.C. 2945.71[, however,] are not absolute in all circumstances, but a certain measure of flexibility was intended by the General Assembly by the enactment of R.C. 2945.72, wherein discretionary authority is granted to extend the trial date beyond the R.C. 2945.71 time prescriptions." *State v. Wentworth*, 54 Ohio St.2d 171, 173 (1978), citing *State v. Lee*, 48 Ohio St.2d 208 (1976); *see also State v. Davis*, 46 Ohio St.2d 444 (1976). "Accordingly, R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial." *Ramey* at ¶ 24.

{¶9} Further, constitutional speedy trial guarantees may be broader than speedy trial statutes. *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987). To determine whether a defendant's constitutional right to a speedy trial has been violated, a court applies the four-factor balancing test adopted by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See, e.g., Louis*, 2020-Ohio-951, at ¶ 32 (2d Dist.). The factors include: (1) the length of the delay "between accusation and trial"; (2) the reason for the delay; (3) the defendant's assertion, if any, of his right to a speedy trial; and (4) the prejudice, if any, to the defendant. *Doggett v. United States*, 505 U.S. 647, 651 (1992); *State v. Adams*, 2015-Ohio-3954, ¶ 88.

3

{¶10} "Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits." *Sanchez* at ¶ 8. A defendant establishes a prima facie speedy-trial violation when his or her motion reveals that a trial did not occur within the time period required by R.C. 2945.71. *State v. Butcher*, 27 Ohio St.3d 28, 31 (1986). Once a defendant establishes a prima facie case that he or she was not brought to trial within the applicable statutory limit, the burden then shifts to the State to demonstrate either that the statutory limit was not exceeded, or that the State's time to bring the defendant to trial was properly extended. *State v. Kist*, 2007-Ohio-4773, ¶ 22 (11th Dist.); *see also Butcher* at 30-31. "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *State v. Long*, 2020-Ohio-5363, ¶ 15.

{¶11} In this matter, Wilcox was arrested on June 9, 2023. The speedy-trial clock commenced, therefore, on June 10, 2023. *See Olcese*, 2009-Ohio-5057, at ¶ 114, fn. 2 (11th Dist.). Wilcox was not released from the Portage County Jail until August 21, 2023. Adding these days, using the triple-count provision of R.C. 2945.71(E) (i.e., 20 plus 31 plus 21 equals 72, multiplied by three) results in 216 days charged to the State. Wilcox was released on bond on August 21, 2023 and thus each day counts at a one-to-one ratio. From August 21, 2023 until the scheduled date of trial, October 25, 2023, 65 days passed (19 plus 30 plus 25), for a total of 281 days. If this court were to rely merely upon the foregoing arithmetic, Wilcox's statutory speedy-trial date expired 11 days prior to the

4

Case No. 2024-P-0022

originally scheduled trial date. We must therefore determine whether any tolling events occurred during the relevant periods for calculation.

{¶12} Initially, on June 16, 2023, the trial court issued discovery deadlines where the court ordered the State to provide Wilcox discovery on or before July 17, 2023; the court similarly ordered Wilcox to provide reciprocal discovery on or before July 24, 2023. In a July 25, 2023 judgment, the trial court noted that Wilcox's defense counsel acknowledged the State had provided discovery and that plea negotiations had commenced.

{¶13} Apparently, Wilcox did not provide the State with reciprocal discovery pursuant to the order and, as a result, the State filed a formal motion for reciprocal discovery on July 27, 2023. As of the date Wilcox filed his motion to dismiss, the record does not reflect he had complied with either the trial court's June 16, 2023 order or the State's motion for reciprocal discover.

{¶14} "Under 2945.72(D), the speedy trial period can be tolled for '[a]ny period of delay occasioned by the neglect or improper act of the accused.'" *State v. Bradley*, 2005-Ohio-6572, ¶ 27 (11th Dist.) "Courts in Ohio have repeatedly held that when the State lawfully requests reciprocal discovery from the defendant and the defendant fails to comply, the speedy trial time remains tolled and is charged to the defendant under R.[C]. 2945.72(D)." *Id.,* citing *State v. Saxon,* 2004-Ohio-5017, ¶ 18 (8th Dist.) (overruled on other grounds); *State v. Brummett,* 2004-Ohio-431, ¶ 18 (4th Dist.) (citations omitted); State *v. Larsen*, 1995 WL 125577 (9th Dist. Mar. 22, 1995).

{¶15} Further, in *State v. Palmer*, 2007-Ohio-374, the Supreme Court of Ohio affirmed this principle when it held a criminal defendant's failure to respond to discovery

5

to be within the gamut of "neglect" contemplated by R.C. 2945.72(D) that tolls speedy-trial time.

{¶16} In *Palmer,* the defendant responded to the State's discovery request 60 days after it was made by replying that he had no discoverable information to provide. On review, the Supreme Court stated:

> That response clearly could have been prepared and served much earlier than 60 days after it was requested, and it was neglect on the part of Palmer not to have done so. The trial court therefore did not abuse its discretion in tolling the running of speedy trial time after 30 days had passed from service of the State's request.

*Id.* at ¶ 23.

{¶17} The Court in *Palmer* held that the failure of a criminal defendant to respond to the State's request for reciprocal discovery within a reasonable time constitutes neglect that tolls the running of speedy trial time pursuant to R.C. 2945.72(D). *Palmer* at paragraph one of the syllabus. The court further held: "A trial court shall determine the date by which a defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable." *Id.* at paragraph three of the syllabus.

{¶18} The record fails to reflect that Wilcox complied with the trial court's June 16, 2023 judgment regarding discovery deadlines and it does not appear he responded to the State's motion for reciprocal discovery. Without a formal response, we conclude Wilcox's omission in failing to meet the reciprocal discovery deadline as well as his failure to answer the State's request is prima facie unreasonable. We consequently conclude Wilcox's omission represents a tolling event pursuant to R.C. 2945.72(D).

6

{¶19} Pursuant to this conclusion, and the trial court's acknowledgement in the July 25, 2023 judgment that the State had complied with the order, we measure the tolling time from that date. From June 16 through July 25, 2023, 39 days passed. Using the triple-count calculation, Wilcox was entitled to 117 days counted against the State (39 times three). Wilcox neither responded to the court's order, nor the State's lawful request for reciprocal discovery. In this regard, his speedy trial rights were not violated.

{¶20} Even if this court were to disregard Wilcox's neglect in failing to respond to discovery, other tolling events occurred which demonstrate he was brought to trial within the speedy-trial timeframe.

{¶21} Defense counsel requested a continuance of a pretrial hearing from August 16, 2023 to August 18, 2023. During this two-day period, Wilcox was still incarcerated. Thus, using the triple-count provision, six days tolled (two times three). Subsequently, after Wilcox was released from confinement prior to trial, defense counsel filed a motion to amend bond on August 29, 2023 affording him work release. This motion was ruled on at a hearing and journalized on September 12, 2023. Thus, an additional 14 days were tolled by operation of defense counsel's motion.

{¶22} With these calculations in mind, even assuming this court did not toll the speedy-trial clock upon the court's recognition that the State had complied with the discovery order, the 20 days chargeable to Wilcox would reduce the amount charged to the State from 281 to 261. This is well-within the statutory speedy-trial time prescribed by statute.

{¶23} In the interest of a comprehensive analysis, however, we must comment on two additional points. First, Wilcox filed his motion to dismiss on October 25, 2023 and

7

Case No. 2024-P-0022

the motion was ruled upon on November 13, 2023. Speedy trial time may be extended by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused. . . ." R.C. 2945.72(E). Accordingly, speedy trial time tolled between October 25, 2023 and November 13, 2023.

{¶24} Additionally, and in conjunction with the previous point, Wilcox filed a "Notice of Intent to Argue Self-Defense" on October 20, 2023. Crim.R. 12.2 governs notice of self-defense: "Whenever a defendant in a criminal case proposes to offer evidence or argue self-defense . . . , the defendant shall, not less than thirty days before trial in a felony case . . . , give notice in writing of such intent." Wilcox provided the trial court and the State with five days' notice of his intent to assert the defense of self-defense. On the same date, the State opposed Wilcox's "Notice," seeking to strike the same. On October 25, 2023, the trial court filed a "Notice of Hearing" and, on October 26, 2023, the court permitted Wilcox to proceed with this defense despite the untimely notice; the trial court rescheduled trial from October 25, 2023 to December 11, 2023. The trial court did not offer any express basis for its rescheduling. The change of the trial date, however, appears to be related to the filing of Wilcox's notice as well as the State's motion to strike the notice.

{¶25} Wilcox's "action" of filing the untimely notice of intent ostensibly prompted the rescheduling of trial. R.C. 2945.72(H) provides, in relevant part, that the speedy-trial clock may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion. . . ." The trial court's decision to reschedule trial fits within this statutory provision and accordingly functioned to toll the speedy-trial window. We therefore conclude that, even if Wilcox attempted to argue the additional delay (from

8

November 13 through December 11, 2023) was somehow chargeable to the State, his position would lack merit.

**{¶26}** Wilcox was brought to trial within the statutory speedy-trial timeframe for felony cases. His assignment of error as it relates to his statutory speedy-trial argument therefore lacks merit.

**{¶27}** Finally, Wilcox's assigned error expressly claims his constitutional right to a speedy trial was violated. Wilcox does not affirmatively argue, however, how his constitutional right to a speedy trial was violated. Nevertheless, we shall briefly address Wilcox's conclusory assertion.

**{¶28}** As noted above, analysis of a constitutional speedy-trial challenge involves the balancing of several factors. The first two factors require consideration of the length of delay between the filing of charges and the date of trial and the reason for the delay. *See Doggett v. United States*, 505 U.S. at 651. Wilcox was indicted on June 16, 2023 and was tried on December 11, 2023, approximately six months elapsed between these dates. As discussed above, Wilcox did not provide reciprocal discovery, despite the State's request. Moreover, the record indicates the State was prepared to proceed to trial on October 25, 2023, but Wilcox filed an untimely notice of intent to assert the affirmative defense of self-defense. The matter was therefore continued until December 11, 2023. Given these points, the length of the delay between the charge and trial and the reason for delay were reasonable.

**{¶29}** Next, we must consider whether Wilcox asserted his right to a speedy trial. *Id.* He did. Nevertheless, for the reasons discussed throughout this opinion, we conclude Wilcox's assertion is unavailing. Finally, we must determine whether Wilcox experienced

9

any prejudice as a result of any delay. *Id.* Here, the trial court permitted Wilcox to assert his defense of self-defense and, as a result, we cannot conclude the delay at issue prejudiced Wilcox's defense in any meaningful way. We find the delay at issue was occasioned by either Wilcox's neglect or his affirmative actions. The delay was not unreasonable and thus Wilcox did not suffer a violation of his constitutional right to a speedy trial.   Wilcox's sole assignment of error is without merit.

{¶30}  The trial court's judgment is affirmed.


SCOTT LYNCH, J., concurs,

JOHN J. EKLUND, J., concurs in judgment only.

Case No. 2024-P-0022